### RICHMOND DEVELOPMENT CORPORATION v. FEDERAL RADIO COMMISSION.

Court of Appeals of District of Columbia.
Argued October 11, 1929. Decided November 4, 1929.

Rehearing Denied.

No. 4925.

Stanton C. Peelle, of Washington, D. C., for appellant.

Paul D. P. Spearman and Bethuel M. Webster, Jr., all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order of the Federal Radio Commission denying appellant's application for an extension of time for the construction of a radio broadcasting station at Roanoke, Va.

It appears that in August, 1927, appellant applied to the commission for a construction permit to erect a radio station at Roanoke, Va. The application was granted, and a permit was issued in April, 1928. The permit stated that the maximum power of the station should be 250 watts, and that its frequency would be assigned later. It required that construction of the station should be commenced at once, and should be completed by May 31, 1928.

It is provided by section 21 of the Radio Act of 1927, 44 Stat. 1162 (47 USCA § 101), that such a permit becomes automatically forfeited if the station is not ready for operation within the time specified in the permit, or within such further time as the licensing authority may allow, unless prevented by causes not under the control of the grantee. The same section provides that upon the completion of any station for the construction of which a permit has been granted, and upon it being made to appear to the licensing authority that all the terms, conditions and obligations set forth in the application and permit have been fully met, and that no cause or circumstance arising or first coming to the knowledge of the licensing authority since the granting of the permit would, in the judgment of the licensing authority, make the operation of such station against the public interest, the licensing authority shall issue a license to the lawful holder of the permit for the operation of the station.

The permit in question was not actually received by appellant until May 2, 1928. On May 7th appellant by personal interview undertook to secure the necessary equipment for the station from the Radio Corporation of America, but on May 11th it was indicated by that company that it could give no definite date for the delivery of the equipment. On the following day appellant opened negotiations with the Graybar Electric Company for the equipment, and a contract therefor was signed by the parties as of that date. On May 14th appellant informed the commission of these facts and applied for an extension of time for the completion of the station. On June 1st the commission extended the time until July 1st, and afterwards granted a second extension until September 1st. The uncontradicted evidence is to the effect that during this time appellant was making diligent efforts to complete the station within the specified time, but owing to delays caused by contractors, by engineering difficulties, and by weather conditions, construction was not completed by September 1st.

On September 15th appellant applied to the commission for an extension of time until October 31st for the completion of the station. This application was heard on evidence by the commission, and a rehearing also was had. At the conclusion thereof one of the five commissioners refused to vote at all upon the application; two of the commissioners voted to grant the extension; the remaining two commissioners voted to deny it. Inasmuch as the application did not receive a majority of the votes cast, it was regarded as denied, and an order was entered to that effect. This appeal was then taken.

We are convinced by a review of the record that it was the duty of the commission to grant the application. The evidence, without substantial contradiction, discloses that the applicant had acted, not only in good faith, but also with diligence, in its efforts to construct the station within the time allowed by the permit, and that the completion thereof was prevented by causes not under its control. The evidence includes the affidavit of the sales manager of the Graybar Electric Company, Inc., with whom appellant had contracted as early as May 12th for the purchase of the broadcasting equipment, and the development of plans and specifications for the erection of the station. The affidavit contains the following statement:

"We know from our experience in the manufacture and installation of radio equipment and radio broadcasting stations that it was impossible for the Richmond Development Corporation to complete the necessary construction work in accordance with the complete plans and specifications furnished by us prior to September 1, 1928, which we are advised was the date of the expiration of their construction permit. The equipment and plans for the proposed station at Roanoke, Va., call for the most up-to-date station and most modern equipment which can be secured, and should prove, when completed, capable of giving first-class service, both to the city of Roanoke and the surrounding territory."

The evidence discloses that prior to September 1st appellant had expended about $7,000 in the erection of buildings for the station, and had incurred expenses sufficient to increase its total expenditures to more than $30,000. If appellant is denied the privilege of completing the station, it will suffer a heavy loss in consequence. On the other hand, it cannot be contended that the public interests have suffered any loss or prejudice by reason of the delay in the completion of the station, and, if allowed to proceed with the construction, appellant agrees "to make every human effort to push it through to the earliest possible completion."

Furthermore, in our opinion, the record discloses no cause or circumstance arising or first coming to the knowledge of the commission since the granting of the permit which would make the operation of such station against the public interest. It is manifest that the opposition to appellant's application is largely based upon the claim that when the construction permit was first granted there already was an efficient broadcasting station in Roanoke, and that there was no public need for another station; also that the erection of a second station in Roanoke would tend to deprive other cities in Virginia of their just and equal rights in broadcasting. This argument, however, is answered by the fact that all of these conditions were well known to the commission and must have been considered by that body, when it granted the construction permit and the extensions thereof. Consequently they do not constitute a "cause or circumstance arising or first coming to the knowledge of the licensing authority since the granting of the permit." With reference to the alleged injustice which may result to other cities from the operation of this station, if completed, it may be noted that prior to the date of appellant's permit the competing Roanoke station was not using all of its time, and when the commission made an allocation on September 1, 1928, it provided that the two stations should share time. This allocation was rescinded when it came to the attention of the commission that appellant's station had not been completed within the prescribed time. But it does not appear that such an allocation cannot be made without injustice to other cities, if the station should hereafter be completed.

It is therefore the decision of this court that the appellant was on September 1, 1928, and still is, entitled to an extension of time reasonably sufficient to enable it to complete the construction of the broadcasting station in question. The decision appealed from is reversed, and this cause is remanded to the Federal Radio Commission, to carry the present decision into effect.